# SUPREME JUDICIAL COURT

*FOR THE*

## COUNTY OF PLYMOUTH, OCTOBER TERM 1865, AT PLYMOUTH.

PRESENT:

Hon. GEORGE T. BIGELOW, CHIEF JUSTICE.
Hon. CHARLES A. DEWEY,
Hon. EBENEZER R. HOAR,
Hon. HORACE GRAY, JR.,  } JUSTICES.
Hon. JAMES D. COLT,

IRA MERRITT *vs.* OLD COLONY AND NEWPORT RAILWAY COMPANY.

.f a heavy article has been carried by a truckman to the depot of a railroad corporation, and injured while being loaded upon the cars, the railroad company are liable therefor if they had accepted and taken charge of the same; and in such case it is no defence to an action against them, that the injury resulted in part from the carelessness of the truckman.

TORT against a railroad corporation to recover for damages done to a caloric engine sent by the plaintiff to the depot of the defendants in South Boston for transportation to South Abington, while being loaded upon the cars.

At the trial in the superior court, before *Morton*, J., the plaintiff introduced evidence tending to show that the engine was carried by a truckman, and upon its reaching the depot the train

for the day had gone, and the laborers at the depot had gone to dinner; that he notified the defendants' freight agent that he had come to deliver the engine, which was on a sled, and the agent replied that the men had gone to dinner and directed him to drive near a derrick, by a certain track, at which place heavy articles were loaded upon the cars, and there wait till the return of the men, who would run a car there and put the engine on board; that he did so, and when the men returned they ran a car there and commenced loading the engine, the agent of the defendants superintending and directing the work; that they put a chain round the engine and commenced hoisting, when the chain slipped; that they put it round again and the truckman tied it on with a rope so as to prevent its slipping, and they hoisted it again, when the engine swung heavily against the car, breaking it badly; that the boom of the derrick was not over the sled, and the derrick could not be worked properly, because it was frozen at the bottom. The derrick and chain belonged to the defendants.

The defendants introduced evidence tending to show that the laborers received their orders from the truckman, as to the mode of unloading the sled; that the freight agent requested the truckman to back his horse and sled, so that the engine might be directly under the end of the boom, but the truckman, in attempting to do so, started his horse forward, and pulled the sled from under the engine, by reason of which it swung against the car; and that the derrick was not frozen, but worked properly and freely.

The judge instructed the jury that the defendants' liability as common carriers commenced when the engine was delivered to and accepted by them for the purpose of transportation; that until such delivery the truckman, who was also a common carrier, would be liable; but after such delivery and acceptance the defendants would be liable for the negligence of those employed by them to load or transport the engine; that it was for the jury to determine from the evidence whether there had been such delivery and acceptance, and that in order to constitute such delivery and acceptance it must appear that the defendants had

through their agent taken and assumed the charge and custody of the engine, for the purpose of transportation.

After the charge, the defendants requested the court to instruct the jury what was in law an acceptance under the circumstances claimed by either side in this action; but the judge declined to give any further instructions upon this point. The defendants further requested him to instruct the jury that if the accident happened by the joint negligence of the defendants' servants and the truckman, while acting in concert under the directions of the truckman, the defendants would not be liable but the judge declined so to rule, and upon this point instructed the jury that if the accident happened before a delivery by the truckman the defendants would not be liable; but if, after such delivery and acceptance as above stated, the accident happened through the joint negligence of the defendants' servants and the truckman in assisting them to load the engine, the defendants would be liable.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*C. G. Davis*, for the defendants, cited *Pond* v. *Williams*, 1 Gray, 630; *White* v. *Winnisimmet Co.*, 7 Cush. 155; *Lane* v. *Old Colony & Fall River Railroad*, 14 Gray, 143.

*P. Simmons*, for the plaintiff.

DEWEY J.[*] The instructions given were correct, and sufficiently full to guide the jury as to their verdict.

The plaintiff introduced evidence tending to show that the engine was carried by a truckman to the freight station of the defendants, to be transported to South Abington; that notice of its arrival was given to the freight agent, who directed the truckman to drive near a derrick by a certain track at which heavy articles were laden upon the cars, and there wait till the men came, when they would run in a car and put it on board; that the truckman followed this order, and the men came, run in a car, and commenced loading the engine, the agent of the defendants superintending and directing the work, and the truckman being present also, giving assistance to prevent the chain

[*] BIGELOW, C. J. did not sit in this case.

which had been placed around the engine from slipping. The mode of placing the engine upon the cars by means of a derrick was an arrangement of the defendants, and they provided the derrick for that purpose.

The evidence on the part of the defendants, as to the superintendence and control of the operation of removing the engine from the sled of the truckman to the cars, conflicted with that of the plaintiff; and this was submitted to the jury. It became necessary to ascertain at what point, as respects the rights of the bailor, the truckman's responsibility for the safe transportation of the engine ceased, and when the same was cast upon the defendants. The court properly ruled that it was when the engine was delivered to and accepted by them for the purpose of transportation, and that in order to constitute such delivery and acceptance it must appear that the defendants had through their agent taken and assumed the charge and custody of the engine for the purpose of transportation. Story on Bailm. § 453.

Of course in deciding the question when the custody does thus attach, much will depend upon the manner in which they receive goods for transportation, the provision they make for raising heavy articles into their cars, and the active participation of the agent of the company in reference to the same.

As to warehousemen, it has been held that as soon as the goods arrive and the crane of the warehouse is applied to them to raise them into the warehouse, the liability of the warehouseman commences, and it is no defence that they are afterwards injured by falling into the street from the breaking of the tackle. Story on Bailm. § 445.

In the opinion of the court, the instructions were sufficiently full, and the further instructions asked were properly refused.

*Exceptions overruled.*